## **CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE**

This Confidential Settlement Agreement and General Release ("the Settlement Agreement") is made and entered into by and between on the one hand, Luis "Milton" Segarra ("CLAIMANT"), and on the other, DRF Hospitality Management LLC d/b/a Barto Restaurant and Donald R. Finley (jointly, "DRFDRF"), (all parties collectively, "the Settling Parties"), as of October 25, 2017.

### RECITALS

A. WHEREAS, on or about June 2, 2017, CLAIMANT filed an action (the "Action") against DRFDRF alleging, inter alia, that DRF failed to pay him certain wages due in connection with services they performed on its behalf. The aforementioned Action is currently pending in the United States District Court, Eastern District of New York, Case No. 17-CV-3276;

B. WHEREAS, the court has made no determination with respect to the claims presented;

C. WHEREAS, DRFDRF denies the c CLAIMANTS' allegations;

D. NOW, THEREFORE, in consideration of the foregoing and in consideration of the covenants, warranties and promises set forth below, receipt of which is hereby acknowledged, the Settling Parties agree as follows:

### AGREEMENT

1. <u>Consideration</u>. The Settling Parties are entering into this Settlement Agreement in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged. CLAIMANT agrees that he will not seek any further consideration from DRF, including any monetary payment, beyond that which is set forth in Paragraph 2 of this Settlement Agreement.

2. <u>Settlement Compensation and Full General Release.</u>

DRF agrees to pay CLAIMANT the total sum of five thousand five hundred dollars ($5,500) ("Settlement Amount") as follows:

- On or before November 5, , 2017, DRF shall deliver to the Law Offices of Robert L. Kraselnik, PLLC, 40-08 Case Street, 2nd Fl., Elmhurst, NY 11373 (or any other address provided by CLAIMANT'S counsel), a check in the amount of $5,500, payable to "**Law Offices of Robert L. Kraselnik, PLLC**";
- The above-refernced settlement check shall be held in escrow by Plaintiff's counsel until such time as the Court shall approve this settlement Agreement. In

the event that the Court shall not approve the settlement then the check shall be returned to Defendants' counsel.

For and in consideration of the payment provided for in this paragraph 2, subject to the terms and provisions of this Settlement Agreement, CLAIMANT fully, finally, irrevocably and forever release and discharges DRF, including each of its current and former parent corporations, subsidiary and affiliated companies, divisions, related companies, predecessors, successors, assigns, holding companies officers, directors, shareholders, employees and agents from any and all claims causes of action or complaints which CLAIMANT has or may have against DRF, whether asserted in this action or not. This includes, but is not limited to, a release of any claims or rights CLAIMANT may have under federal, state or local law or regulation or common law.

3. Taxes. CLAIMANT understands and agrees that DRF is not withholding federal or state income taxes, FICA, Social Security, Medicare, or any other withholding from the settlement payment and therefore agrees and promises to pay all taxes which may be due with respect to the Settlement Payment in the event a governmental taxing authority determines that any such taxes are due. Claimant further agreeto indemnify and hold DRF harmless from all liabilities for failing to withhold the foregoing tax items from the Settlement Payment to them.

4. Cooperation. CLAIMANT and DRF mutually agree that they will not disparage each other and will say or do nothing to bring discredit upon the other.

5. Entire Agreement. This Settlement Agreement constitutes the complete understanding of the Settling Parties. No other promises or agreements shall be binding unless agreed to in writing and signed by the Settling Parties.

6. Confidentiality. – CLAIMANT and DRF agrees that the terms of this Settlement Agreement are strictly confidential and shall not be disclosed to anyone other than their respective attorneys, accountants or tax advisors or as required by law. Additionally, CLAIMANT expressly agrees to keep strictly confidential and not discuss, disclose, or reveal, directly, or indirectly, to any person, business, media, or entity of any type whatsoever, any and all the following: (a) the fact or existence of this Settlement Agreement; and (b) any aspect of any of the operations and activities of DRF as alleged by CLAIMANT in the Action, its staffed personnel and individuals for whom it is responsible or who otherwise in its charge. If CLAIMANT is deemed to have breached this Confidentiality provision either by a Court or through documentary or third-party evidence, then CLAIMANT: 1) must return all monies recovered under this Settlement Agreement and, 2) will be liable for all of DRF's fees and costs incurred in enforcing this Settlement Agreement as well as in defending any litigation that results from his disclosure.

7. Counterparts. This Agreement may be executed in any number of counterparts and any Party hereto and/or their respective counsel may execute any such counterpart, each of which when executed and delivered shall be deemed to be an

original and all of which counterparts taken together shall constitute one and the same instrument. Fax and/or PDF signatures shall be deemed valid for purposes of this Settlement Agreement.

IN WITNESS THEREOF, the Settling Parties hereto evidence their agreement by their signature below.

_____
Luis "Milton" Segarra

ACKNOWLEDGEMENT

State of New York )
County of New York)ss.:

On the 6Th day of ~~October~~ November in the year 2017 before me the undersigned, a Notary Public in and for said State, personally appeared Luis Segarra personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity/(ies), and that his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

ROBERT L. KRASELNIK
Notary Public, State of New York
No. 02KR6341795
Qualified in Weschester County
Expires May 16, 2020

DRF Hospitality Management LLC
d/b/a Barto Restaurant

By: _____
    Name:
    Title: Member

_____
Donald R. Finley

8. **Non-Solicitation.** CLAIMANT's counsel agrees that they will not actively solicit to represent employees of COMPANY in future litigation against COMPANY. CLAIMAINT's counsel further represents that, to their knowledge, they do not currently represent any current or former employees of COMPANY other than the Plaintiff, nor do they have plans to represent any such employees.

IN WITNESS THEREOF, the Settling Parties hereto evidence their agreement by their signature below.

_____
Luis "Milton" Segarra

ACKNOWLEDGEMENT

State of New York  )
County of New York)ss.:

On the _____ day of October in the year 2017 before me the undersigned, a Notary Public in and for said State, personally appeared Luis Segarra personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity/(ies), and that his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

DRF Hospitality Management LLC
d/b/a Barto Restaurant

By: _____
Name:
Title: President

Donald R. Finley